UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
SEP 2 8 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:22-cr-529 JAR/SRW |
| ) | |
| ISSAC CUNDIFF, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I
### (POSSESSION OF CHILD PORNOGRAPHY)

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) "sexually explicit conduct" to mean actual or simulated--

 (i) "sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

 (ii) bestiality,

 (iii) masturbation,

 (iv) sadistic or masochistic abuse, or

 (v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. § 2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high

1

speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. § 2256(8)).

2. The "internet" was, and is, a computer communications network using interstate and foreign telephone lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about August 22, 2016, and July 15, 2021, within the Eastern District of Missouri and elsewhere,

**ISSAC CUNDIFF,**

the defendant herein, did knowingly possess material that contains an image and video of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, an Apple iPhone cellular telephone that was produced outside of Missouri and therefore had traveled in interstate and foreign commerce, and said Apple iPhone cellular telephone contained child pornography, including but not limited to the following:

a. " 2_951918817565475649.mp4," a graphic video file that depicts, in part, a

toddler aged minor (sex unknown) engaged in oral sex with an adult male;

b. "2_1025683480714936331.wmv," a graphic video file that depicts, in part, a prepubescent minor female in the bathtub with an adult male attempting to stick his erect penis in the minor's anus;

c. "1_533979205008886837.mp4," a graphic image file that depicts, in part, a minor male performing oral sex on an adult male.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B) as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

    an Apple iPhone cellular telephone

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

KENNETH R. TIHEN, #37325MO
Assistant United States Attorney